Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)
*Attorneys for Defendant Metropolitan District Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ERIN RYAN,<br><br>      Plaintiff,<br><br>-against-<br><br>METROPOLITAN DISTRICT COMMISSION,<br><br>      Defendant. | Civil Action No. 3:18-cv-00916<br><br>*Electronically Filed* |

**DEFENDANT METROPOLITAN DISTRICT COMMISSION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Metropolitan District Commission, formally known as "The Metropolitan District" ("Defendant," "MDC" or the "Company"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers Plaintiff Erin Ryan's ("Plaintiff") Complaint (the "Complaint") (at Docket No. 1) in accordance with the numbered Paragraphs thereof as set forth below.

**JURISDICTION AND VENUE**

1.  Defendant avers that the allegations set forth in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act ("CFEPA"). Defendant denies that it is liable under any of those laws and/or any statute, regulation, common law principle or legal theory. Defendant denies any remaining allegations set forth in Paragraph 1 of the Complaint.

2. Defendant avers that the allegations set forth in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to invoke subject matter and supplemental jurisdiction in the United States District Court for the District of Connecticut. Defendant denies any remaining allegations set forth in Paragraph 2 of the Complaint.

3. Defendant avers that the allegations set forth in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to invoke venue in this district. Defendant denies any remaining allegations set forth in Paragraph 3 of the Complaint.

## PARTIES AND ADMINISTRATIVE PREREQUISITES

4. Defendant admits upon information and belief that Plaintiff is a citizen of the United States and avers that it lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendant avers that the allegations set forth in Paragraph 5 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that it employed Plaintiff during a certain period.

6. Defendant avers that the allegations set forth in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant, as a specially-chartered municipal corporation established by the Connecticut Legislature by special act of 1929, denies that MDC is a quasi-municipal corporation. The Defendant admits its principal location as 555 Main Street, Hartford, Connecticut. Defendant denies any remaining allegations set forth in Paragraph 6 of the Complaint.

7. Defendant avers that the allegations set forth in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that it employed Plaintiff during a certain period.

8. Defendant avers that the allegations set forth in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant avers that the charges with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"), the CHRO Release of Jurisdiction and the EEOC Notice of Right to Sue referenced in Paragraph 8 of the Complaint (if they exist) are documents that speak for themselves. Defendant denies any remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendant avers that the allegations set forth in Paragraph 9 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

## FACTS

10. Defendant admits upon information and belief that Plaintiff is female.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff did not receive any formal written discipline during her employment with MDC. Defendant denies any remaining allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff commenced her employment with MDC as Assistant District Counsel on January 17, 2011 and that Plaintiff's functions in such in-house counsel role included employment law issues. Defendant denies any remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff was appointed to the position of Director of Human Resources on June 13, 2012 and that held that position through in or about May 2016. Defendant denies any remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff received a performance evaluation, which is a document

that speaks for itself.  Defendant denies any remaining allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant admits that Plaintiff took a maternity leave from December 2, 2015 through in or about May 2016.

18.     Defendant admits that, in or about April 2016, Plaintiff and Scott Jellison, MDC's Chief Executive Officer ("CEO") had discussions about her upcoming return from work, including Plaintiff's lack of desire to hold the Director of Human Resources role.  Defendant denies discussing with Plaintiff a potential four-day schedule for the Director of Human Resources role.  Defendant denies any remaining allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant admits that Plaintiff requested and accepted a role with the Business Transformation ("BT") team, which included, *inter alia*, the implementation of certain Human Resources platforms and functionalities, and that she performed that role since in or about May 2016 and thought her separation from MDC on July 26, 2017.

20.     Defendant avers that the posting referenced in Paragraph 20 of the Complaint (if it exists) is a document that speaks for itself.  To the extent a response is required, Defendant admits that Plaintiff held the role of Director of Human Resources from June 13, 2012 to in or about May 2016 and denies any remaining allegations set forth in Paragraph 20 of the Complaint.

21.     Defendant admits that, on or about March 9, 2017, Plaintiff submitted an application for the Director of Human Resources position, which is a document that speaks for itself.

22.     Defendant admits upon information and belief that Robert Zaik is a male and that Mr. Zaik applied for the Director of Human Resources position.

23.     Defendant admits the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendant admits the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendant admits that Mr. Jellison informed Plaintiff that, *inter alia,* she was not selected for the Director of HR position and that Zaik was selected for it instead.  Defendant denies

any remaining allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that Mr. Jellison recommended to the MDC Board that Mr. Zaik be appointed to the Director of Human Resources role. Defendant denies any remaining allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant avers that the allegations set forth in Paragraph 28 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff requested a copy of the recruiting documentation relating to the Director of Human Resources role. Defendant denies any remaining allegations set forth in Paragraph 28 of the Complaint.

29. Defendant avers that the email referenced in Paragraph 29 of the Complaint (if it exists) is a document that speaks for itself.

30. Defendant admits that, on about April 20, 2017, Plaintiff attended a meeting with Mr. Jellison, David Ryan (MDC outside counsel), which was also attended by Mario Calderon at Plaintiff's request. Defendant denies the remaining allegations set forth in Paragraph 30 of the Complaint.

31. Defendant admits that Plaintiff worked on the BT project since in or about May 2016 through her separation from MDC in or about July 2017. Defendant denies any remaining allegations set forth in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge and information sufficient to form a belief as to what Plaintiff was allegedly "aware" of with respect to the BT project. Defendant denies any remaining allegations set forth in Paragraph 32 of the Complaint.

33. Defendant admits that Plaintiff attended a meeting on July 26, 2017 with Christopher Stone and David Ryan and was informed that her employment would be terminated. Defendant further admits the Plaintiff was told that one of the reasons her employment would be terminated was because of delays on the BT project. Defendant denies any remaining allegations set forth in Paragraph 33 of

the Complaint.

34. Defendant admits that Plaintiff inquired about a Human Resources Generalist position and a position in MDC's legal department, and was informed those were not options. Defendant denies any remaining allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

## COUNT ONE
## DISCRIMINATION IN VIOLATION OF TITLE VII

36. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 35 of the Complaint with the same force and effect as if fully set forth herein.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies that Plaintiff has incurred or is entitled to recover damages of any kind, and denies any remaining allegations set forth in Paragraph 41 of the Complaint.

## COUNT TWO
## DISCRIMINATION IN VIOLATION OF CFEPA

42. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 41 of the Complaint with the same force and effect as if fully set forth herein.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies that Plaintiff has incurred or is entitled to recover damages of any kind, and denies any remaining allegations set forth in Paragraph 47 of the Complaint.

## COUNT THREE
## RETALIATION IN VIOLATION OF TITLE VII

48. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 47 of the Complaint with the same force and effect as if fully set forth herein.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies that Plaintiff has incurred or is entitled to recover damages of any kind, and denies any remaining allegations set forth in Paragraph 51 of the Complaint.

## COUNT THREE
## RETALIATION IN VIOLATION OF CFEPA

52. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 51 of the Complaint with the same force and effect as if fully set forth herein.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies that Plaintiff has incurred or is entitled to recover damages of any kind, and denies any remaining allegations set forth in Paragraph 55 of the Complaint.

## DEMAND FOR RELIEF

Defendant denies all the allegations and assertions contained in Plaintiff's Demand for Relief and denies that Plaintiff incurred or is entitled to any relief of any kind whatsoever, including any of the relief sought in sub-paragraphs (1) – (5) of the Demand for Relief.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint that is not specifically admitted herein.

## DEFENSES

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of the following defenses. Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## FIRST DEFENSE

Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or by the equitable doctrines of laches, waiver, estoppel and unclean hands.

## THIRD DEFENSE

All of Defendant's actions toward Plaintiff were taken based upon legitimate, non-discriminatory and non-retaliatory business reasons.

## FOURTH DEFENSE

To the extent applicable, in the event that Plaintiff can demonstrate that her gender or alleged protected activity was a motivating factor in any decision that she challenges, she is not entitled to money damages, employment or other relief, because Defendant would have taken the same action in the absence of any such impermissible factor(s).

## FIFTH DEFENSE

Defendant cannot be held liable for punitive damages because it made good-faith efforts to comply with the applicable statutes.

## SIXTH DEFENSE

Defendant acted in good faith and without malice, willfulness or evil intent.

## SEVENTH DEFENSE

To the extent applicable, Defendant has established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices.

**EIGHTH DEFENSE**

Plaintiff has suffered no economic loss and/or failed to mitigate her alleged damages, entitlement to which is specifically denied.

**NINTH DEFENSE**

To the extent applicable, Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies.

**ELEVENTH DEFENSE**

An award of punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution.

**TWELFTH DEFENSE**

Plaintiff's claims are frivolous, unreasonable, and groundless and, accordingly, Defendant is entitled to recover all costs and attorneys' fees incurred herein based on, inter alia, the United States Supreme Court's decision in <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1978).

**DEMAND FOR TRIAL BY JURY**

Defendant admits that Plaintiff seeks a jury trial and denies that Plaintiff is entitled to a jury trial on some or all of their claims.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that the Court award Defendant the cost of its defense, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

Dated: New York, New York
August 6, 2018

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Melissa C. Rodriguez*
Melissa C. Rodriguez
101 Park Avenue
New York, NY 10178
E-mail: melissa.rodriguez@morganlewis.com
Tel: 212.309.6000
Fax: 212.309.6001

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2018, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure upon all parties of record by the Court's ECF/CM system.

                                          /s/ *Melissa C. Rodriguez*
                                          Melissa C. Rodriguez